UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

BRIAN GORKYQUARSHIE,

PLAINTIFF,

**COMPLAINT**

-AGAINST-

**ECF CASE**

NEW YORK CITY, POLICE OFFICER JOHN DOE 1,
POLICE OFFICER JOHN DOE 2, POLICE OFFICER
JOHN DOE 3 and POLICE OFFICER JANE DOE
individually, and in their capacities as members of the New
York City Police Department,

DEFENDANTS.

------------------------------------------------------------------------ x

### PRELIMINARY STATEMENT

1. This is a civil action in which plaintiff, Mr. Brian Gorkyquarshie ("Mr.
   Gorkyquarshie"), seeks relief for the violation of his rights secured by 42 USC 1983,
   the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claims arise from an incident on or about August 7, 2012, in which officers of the
   New York City Police Department ("NYPD"), acting under color of state law,
   intentionally and willfully subjected Mr. Gorkyquarshie to *inter alia* false arrest, with
   excessive force.

3. Plaintiff seeks monetary damages (special, compensatory and punitive) against
   defendants as well as an award of costs and attorneys' fees, and such other and further
   relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Eastern District of New York in that the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

6. Plaintiff, Mr. Gorkyquarshie, is a legal resident of the United States and at all times here relevant resided at 2980 West 28th Street, Apartment 1545, Brooklyn, NY 11224-2044.

7. New York City is a municipal corporation organized under the laws of the State of New York.

8. Police Officer John Doe 1 ("PO John Doe 1"), Police Officer John Doe 2 ("PO John Doe 2"), Police Officer John Doe 3 ("PO John Doe 3"), and Police Officer Jane Doe ("PO Jane Doe"), at all times here relevant were members of the NYPD, and are sued in their individual and professional capacities.

9. At all times mentioned, defendants were acting under color of state law, under color of the statutes, ordinances, regulations, policies, customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

10. Mr. Gorkyquarshie is a 22 year old African American and lives with his mother and two sisters.

11. On or about the evening of August 7, 2012, Mr. Gorkyquarshie ordered food at a fried chicken shop at the intersection of Mermaid Avenue and 28th Street, Brooklyn, New York.

12. Mr. Gorkyquarshie waited for the order outside of the shop.

13. Mr. Gorkyquarshie was accompanied by his friend Timothy, whom he knew as "Radio."

14. As Mr. Gorkyquarshie and Timothy waited outside of the shop, several police officers approached them, including PO John Doe 1, PO John Doe 2, PO John Doe 3 and PO Jane Doe.

15. The police officers told Mr. Gorkyquarshie and Timothy that they were investigating a robbery and asked if they had seen a tall black male.

16. Mr. Gorkyquarshie and Timothy told the police officers that they had not.

17. The police officers then departed.

18. A short time later, PO John Doe 1 and PO Jane Doe came back to the intersection where Mr. Gorkyquarshie and Timothy were standing.

19. PO John Doe 1 and PO Jane Doe were in a police car.

20. PO Jane Doe shouted at Mr. Gorkyquarshie, in sum and substance, "Get off my street."

21. PO John Doe 1 then got out of the car and approached Mr. Gorkyquarshie.

22. PO John Doe 1 put his face right up beside Mr. Gorkyquarshie's face.

23. PO John Doe 1 then put his elbow against Mr. Gorkyquarshie's throat and pinned Mr. Gorkyquarshie against the wall.

24. Several police officers then arrived, including PO John Doe 2 and PO John Doe 3.

25. PO John Doe 1, PO John 2, PO John Doe 3 and PO Jane Doe all then proceeded to kick and punch Mr. Gorkyquarshie.

26. Mr. Gorkyquarshie fell to the floor and PO John Doe 1, PO John 2, PO John Doe 3 and PO Jane Doe continued to kick and punch him.

27. Mr. Gorkyquarshie was handcuffed behind his back.

28. Mr. Gorkyquarshie was placed in the police car.

29. While Mr. Gorkyquarshie was sitting in the police car, PO John Doe 2 punched him in the back of the head.

30. Mr. Gorkyquarshie was then taken to the 60th Precinct where he was processed.

31. On August 8, 2012, Mr. Gorkyquarshie was taken to Queens Central Bookings where he was charged with assault in the second degree, resisting arrest and related charges and released.

32. As a result of this incident, Mr. Gorkyquarshie suffered *inter alia* ligament damage and severe bruising and swelling to his foot and ankle; injuries to his face and nose; and cuts, scrapes and bruising to his legs, arms and torso.

33. On August 15, 2012, Mr. Gorkyquarshie went to Coney Island Hospital on account of his injuries.

34. Mr. Gorkyquarshie was prescribed painkillers at the hospital.

35. Mr. Gorkyquarshie was also referred for psychiatric treatment due to the effects of this incident.

36. The felony assault charges against Mr. Gorkyquarshie were later dismissed.

37. In or about January 2014, Mr. Gorkyquarshie was granted an Adjournment Contemplating Dismissal.

38. Mr. Gorkyquarshie continues to feel traumatized by the events of August 7, 2012, and is wary and fearful when he sees police officers. Mr. Gorkyquarshie takes efforts to avoid police officers when in public.

39. Mr. Gorkyquarshie has suffered a great deal following the incident and continues to feel fear, embarrassment, humiliation, emotional distress, frustration, anxiety and physical pain.

## FIRST CAUSE OF ACTION

### (42 USC 1983 – False Arrest)

40. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

41. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

42. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was falsely arrested by defendants.

43. Defendants confined plaintiff.

44. Plaintiff was aware of, and did not consent to, his confinement.

45. The confinement was not privileged.

46. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## SECOND CAUSE OF ACTION

(42 USC 1983 – Excessive Force)

47. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

48. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

49. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that defendants used excessive and unreasonable force in effecting the arrest of plaintiff.

50. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## THIRD CAUSE OF ACTION

(42 USC 1983 –Denial of Right to a Fair Trial)

51. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

52. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

53. Defendants have deprived plaintiff of his right to a fair trial, pursuant to the Fifth and Sixth Amendments to the United States Constitution.

o

54. Defendants created false information likely to influence a jury's decision and then forwarded that information to prosecutors, resulting in plaintiff suffering a deprivation of liberty and a violation of his rights.

55. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## JURY DEMAND

56. Plaintiff demands a trial by jury.

WHEREFORE, plaintiff respectfully requests that the court enter a Judgment against defendants together with costs and disbursements as follows:

In favor of plaintiff in an amount to be determined by a jury, but at least equal or exceeding the jurisdictional limit of this Court for each of plaintiff's causes of action;

Awarding plaintiff punitive damages in an amount to be determined by a jury;

Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action;

And such other and further relief as the Court deems just and proper.

Dated:    New York, New York
        February 6, 2014    By:

Duncan Peterson (DP 7367)
PetersonDelleCave LLP
Attorney for Plaintiff
233 Broadway, Suite 1800
New York, NY 10279
(212) 240-9075